IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RALPH ARNOLD SMITH, JR.**                                                **PETITIONER**

**VERSUS**                              **CIVIL ACTION NO. 3:14cv334-WHB-RHW**

**JAMES G. CHASTAIN,** *et al.*                                        **RESPONDENTS**

## REPORT AND RECOMMENDATION

Before the Court is [6] Dr. Ralph Arnold Smith, Jr.'s May 2, 2014 amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The record before the Court shows Smith was indicted August 29, 2012 on charges of capital murder and conspiracy to commit murder [1-3], [39-2] in Leflore County, Mississippi, and no bail was set on the charges pursuant to state law. On January 3, 2013, the trial court ordered that Smith undergo a psychiatric evaluation at Mississippi State Hospital (MSH) at Whitfield, Mississippi, "to determine his competency to stand trial under Rule 9.06 U.C.C.R. (*sic*);[2] his sanity at the time of the offense; and his intellectual functioning capacity (at the time of the offense and at present)." [1-2] Smith was admitted to MSH on June 4, 2013. Respondent James G. Chastain is Executive Director at MSH. Following a December 17, 2013 competency hearing, the trial court found Smith

---

[1] This case, originally filed April 18, 2014, is the second of three federal court actions Smith has filed attempting to collaterally attack the validity of some portion of his state criminal proceedings. The first, *Smith v. Hood*, 2013 WL 208910 (N.D. Miss. Jan. 17, 2013), sought an injunction halting Smith's prosecution. The Court denied relief and dismissed that case. The third, *Smith v. Abraham, et al.*, 3:14cv351-DPJ-FKB, filed pursuant to 42 U.S.C. § 1983 on April 28, 2014, sought to recover monetary damages from individuals involved in Smith's prosecution based on claims that Smith "was wrongfully arrested and charged and is being wrongfully prosecuted for the crimes for which he is now awaiting trial." On July 2, 2014, the Court entered order [55] staying proceedings and ordering the clerk to administratively close that case pending resolution of the criminal proceedings.

[2] According to Rule 1.01 of the Mississippi Uniform Rules of Circuit and County Court Practice, the proper citation is "URCCC" followed by the rule number. Rule 9.06 is titled, "Competence to Stand Trial."

incompetent, stating the MSH report "establishes beyond a reasonable doubt that [Smith] is not competent to stand trial; that, to a reasonable degree of medical certainty [Smith] lacks the present ability to confer with defense counsel with a reasonable degree of rational understanding in the preparation of his defense." [14-3, pp. 1-2]  The trial court's January 14, 2014 order, "as required by Rule 9.06 UCCCR," committed Smith to MSH and ordered that a report be "furnished to the Court every four (4) calendar months stating whether there is a substantial probability that [he] will become mentally competent to stand trial and what progress is being made in restoring [his] competency." [14-3]  Nothing in the record before this Court indicates Smith has been restored to competency or is no longer in need of treatment, and at the time of the filing of the present petition, he remained hospitalized at MSH.  The instant petition seeks his release.  [6, p. 18]

On June 17, 2014, Respondents moved to dismiss Smith's petition on grounds that (1) § 2241 does not authorize federal habeas relief for purposes of bypassing criminal trial procedures or having criminal charges dismissed, and (2) Smith has failed to exhaust state court remedies with respect to the issue of denial of bail.  [14]  Smith's response [22] denies that he is attempting to have the state court criminal charges dismissed; rather, he complains that the state court violated his due process rights by failing to comply with state law in denying him bail and habeas relief.

Facts and Procedural History

On April 28, 2012, Keaira Byrd was shot and killed by investigators with the Mississippi Attorney General's (AG) office while Byrd was engaged in a burglary of the law office of Lee Abraham by use of subterfuge or trick.  Byrd had come to the office under the ruse of bringing information to Abraham, but with the intent to kill Abraham.  Leflore County Circuit Court case

No. 2012-0208, [14-1]. Abraham had contacted the AG's office which reportedly had an ongoing investigation into a murder-for-hire plot against Abraham, and AG investigators were in Abraham's office when Byrd and his co-hort Lacy arrived there on the night in question.[3] Evidence adduced at the May 16, 2012 preliminary hearing indicates that when the two came into Abraham's office, Byrd was wearing a ski mask and carrying a loaded MAC-11 semi-automatic weapon. Both Byrd and Lacy were shot; Byrd died. That same night, Lacy told a detective that Byrd came to Lacy's house, stated he needed Lacy to come with him, and as they walked out, Byrd received a phone call from Smith regarding $20,000 Byrd was to be paid for the murder of Lee Abraham. Officers obtained a search warrant for Smith's office and home. Search of the office led to discovery of a hidden video camera and a video recording of a meeting between Smith and Byrd in Smith's office. On the recording, Smith and Byrd discussed Smith's paying Byrd $20,000.00 to kill Abraham, and Smith told Byrd he (Smith) needed proof of the kill, that Byrd should take a picture of Abraham with a bullet between his eyes. Officers arrested Smith on April 29, 2012, charging him with one count of capital murder (for Byrd's death), and conspiracy (with Lacy and the late Byrd) to murder Abraham; as well as conspiracy with Cordarious Robinson involving Smith's paying Robinson to obtain a firearm(s) and person(s) to murder Abraham. At his initial appearance in justice court, Smith was granted bail ($100,000.00) on the Robinson conspiracy charge, but denied bail on the charges of capital murder and conspiracy to murder Abraham. At the preliminary hearing, the County Court Judge bound Smith over to await action of the grand jury. Finding the proof evident and the presumption great and that Smith's release would constitute special danger to Abraham and his family, he also denied bail on the capital murder and conspiracy to kill Abraham charges, but did

---

[3]*Smith v. Hood*, 2013 WL 208910 (N.D. Miss. January 17, 2013)

not revoke the bail previously set on the Robinson conspiracy.  [15-3, pp. 39-151], [15-4, pp. 23-135], [15-5, pp. 14-15]

On June 29, 2012, Smith filed a petition for bail with the Mississippi Supreme Court, urging the facts and Mississippi law do not support a capital murder charge, hence the denial of bail on the charge cannot stand.  [15-3, pp. 14-30 plus 122 pages of exhibits]  Specifically, Smith claimed since Byrd was actually shot by AG investigators, purportedly "in necessary self defense," he (Smith) cannot be guilty of capital murder under Mississippi Code Ann. § 97-3-19(2)(e),[4] the statute under which he was indicted, because Byrd's killing was neither without authority of law nor done by a person engaged in burglary.  Smith supplemented the bail petition on July 3, 2012 to argue that Mississippi law does not authorize denial of bail on the conspiracy charge because Mississippi Constitution Article 3, § 29(3) allows denial of bail for offenses punishable by imprisonment for "a maximum of twenty (20) years or more..." and conspiracy to commit capital murder or murder is punishable by "not more than twenty (20) years."[5]  [15-3, pp. 2-9]  On July 18, 2012, the Mississippi Supreme Court denied the petition for bail.  *Smith v. State*, No. 2012-M-01054.  [15-5, p. 16]

On August 29, 2012, the Leflore County Grand Jury returned two indictments against Smith.  The first, Case 2012-0208, charged him in Count I with capital murder in the death of Byrd and in Count II with conspiracy with Lacy and the late Byrd to murder Abraham.  [14-1]  The second, Case 2012-0209, charged Smith with conspiring with Robinson to obtain a weapon and person to kill Abraham.  [14-2]

---

[4] "(2) The killing of a human being without the authority of law by any means or in any manner shall be capital murder ... (e) When done with or without any design to effect death, by any person engaged in the commission of the crime of ... burglary..."

[5] Mississippi Code Annotated, § 97-1-1(3).

On September 12, 2012, Smith filed a habeas corpus petition in Leflore County Circuit Court, claiming (1) he was bound over only to "the next term of court," *i.e.,* June 2012, and that he was not bound over to a Grand Jury at any subsequent term of court; and (2) that he cannot be held without bail on the capital murder charge because the State's allegations do not state a valid charge of capital murder.  [15-2, pp. 39-72]  On October 9, 2012, the trial court denied the petition after hearing arguments and allowing Smith to make a proffer of evidence he wanted to introduce.  The court denied rehearing on November 2, 2012, finding it clear that Smith's proffered evidence:

> went to the validity of the capital murder charge in the indictment which has not been considered by the Criminal Trial Court.  The Habeas Corpus proceeding is a very powerful process, but it is not a means by which the Plaintiff may out distance appropriate criminal procedure or have two swings at the same issue.

[15-2, pp. 36-38]  Smith appealed.  [15-1, p. 53]

In January 2014, the Mississippi Supreme Court affirmed the denial of Smith's state habeas.  [15-1, pp. 4-13], *Smith v. Banks*, 134 So.3d 715 (Miss. 2014).  Although the Mississippi Supreme Court found the trial court erred in not allowing Smith to present evidence at the habeas hearing, upon reviewing the proffered evidence, the Supreme Court held Smith was not entitled to habeas relief; that the prima facie case of legality of detention created by the indictment obligated Smith to proffer evidence of wrongful denial of bail on each of the charges in the indictment, and he had proffered no such evidence with respect to denial of bail on the conspiracy to murder Abraham.  The Supreme Court found Smith's proffered evidence irrelevant to the purposes of the habeas hearing, *e.g.*, challenges to the AG's investigation in the matter, evidentiary arguments regarding Byrd's autopsy and conditions of the crime scene, and held those were matters to be determined by the trial court having jurisdiction over the criminal

proceedings. The court concluded that the proffered evidence "would not have entitled Smith to any relief that the court could have granted" in his state habeas. *Id.*, 134 So.3d at 720.

In the meantime, Smith had privately retained forensic psychologist Dr. Gilbert Macvaugh who opined in a December 21, 2012 report, that Smith suffers from major mental disease and is incompetent to stand trial. Based on that report, on December 28, 2012 Smith moved for a competency hearing, requesting that he be immediately transferred to the state hospital. [15-5, pp. 17-21] On January 3, 2013, the trial court granted the State's motion to have Smith evaluated at MSH at Whitfield. [15-5, pp. 102-104] On February 28, 2013 Smith filed notice in the state court criminal proceedings of his intent to offer an insanity defense to the charges in both the indictments against him. [15-5, pp. 105-106]

On April 23, 2013 Smith had also filed an amended motion for bail in the trial court, again arguing his is not a capital case; challenging the legality of the officers' questioning Lacy which yielded information used to undergird warrants to search Smith's property; challenging the legality of the AG's involvement in the case; and claiming Smith did not kill Byrd and is not a special danger such that denial of bail is warranted. [15-5, pp. 107-119] The trial court heard this motion May 9, 2013, including testimony from Dr. McVaugh, and evidence that Smith suffers from delusional disorders; that if released it would be possible for him to obtain firearms, access his bank accounts, and communicate with unknown parties. The trial judge continued the bail hearing pending receipt of a report from MSH, and amended the order for mental examination to require that the MSH report address whether Smith is a special danger if released on bail. [15-5, pp. 129-217], [15-5, pp. 2-4], [15-5, pp. 218-220] The record before this Court contains no order on the amended motion for bail, nor any indication that the hearing on that motion has been concluded. On May 10, 2013, Smith filed a petition for emergency hearing in

the Mississippi Supreme Court pursuant to Mississippi Constitution, Article 3 § 29(4).[6] The State argued in its May 13, 2013 response to the motion for emergency hearing, that the motion is premature because the trial court did not deny bail, but instead continued the hearing pending receipt of a report from MSH.  [15-5, pp. 8-12]  The Mississippi Supreme Court denied the petition for emergency hearing on May 23, 2013, and denied rehearing on July 18, 2013.  [15-6, p. 63], [15-6, p. 58]

## Legal Analysis

Smith is indisputably a pre-trial detainee with respect to the state criminal charges.  As such, he may seek federal habeas relief to protect his constitutional rights, after exhausting available state court remedies for consideration of his claim.  *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 (1973).  However, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court. (citations omitted)." *Id.*, 410 U.S. at 489.  Federal habeas corpus may not properly be used to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" by litigating affirmative defenses to prosecution prior to trial.  *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976).

Although Smith asserts in response to the motion to dismiss that he is not seeking dismissal of the state criminal charges, virtually everything he has filed seeking release rests on allegations that the facts and Mississippi law do not support a charge of capital murder against him, *e.g.*, his June 29, 2012 petition for bail in the Mississippi Supreme Court [15-3, pp. 14-30];

---

[6]"In any case where bail is denied before conviction, the judge shall place in the record his reasons for denying bail. Any person who is charged with an offense punishable by imprisonment for a maximum of twenty (20) years or more or by life imprisonment and who is denied bail prior to conviction shall be entitled to an emergency hearing before a justice of the Mississippi Supreme Court..."

September 12, 2012 state court habeas corpus petition [15-2, pp. 39-72]; April 23, 2013 amended motion for bail in the trial court [15-5, pp. 107-119]; May 10, 2013 petition for emergency hearing in the Mississippi Supreme Court [15-6, pp. 159-165, ¶¶ 4-7]; petition for injunction which was denied by this Court in *Smith v. Hood*, 2013 WL 208910 (N.D. Miss. January 17, 2013); and his 42 U.S.C. § 1983 lawsuit (*Smith v. Abraham, et al.*, Civil Action 3:14cv351-DPJ-FKB) seeking damages from those involved in the state criminal proceedings, which this Court stayed and administratively closed on July 2, 2014.  Even in the amended petition in the instant action, Smith erroneously asserts that "the trial court ruled ... that the indictment does not support a charge of capital murder and that the jury would not be instructed on capital murder," [6, ¶17],[7] and the State has violated his due process rights by charging him with capital murder [6, ¶ 37].  To the undersigned, such allegations and argument are clearly an attempt to short-circuit the state court criminal proceedings.  To the extent that Smith seeks release based on argument that the capital murder charge is insufficient under Mississippi law, the undersigned finds it is not cognizable for federal habeas review.  That is an issue which must first be resolved in the criminal proceedings, as Plaintiff has been previously advised by both the trial court and state supreme court in his state court habeas, and by this court in *Smith v. Hood*, 2013 WL 208910 (N.D. Miss. January 17, 2013).

     Denial of bail is the only cognizable issue Smith presents in his petition before this Court, and the parties do not contest that the law requires exhaustion of state court remedies before that matter may be reviewed by this Court.  *Stack v. Boyle*, 342 U.S. 1 (1951).  The right to bail in Mississippi criminal proceedings is governed by the Mississippi Constitution, which provides:

---

[7]While the trial judge has expressed reservations about the charge, he has entered no order dismissing the capital murder charge. In fact, he expressly declined to do so. [15-5, pp. 82-83]

> (1) Excessive bail shall not be required, and all persons shall, before conviction, be bailable by sufficient sureties, *except for capital offenses (a) when the proof is evident or presumption great...*
>
> ***
>
> (3) In the case of offenses punishable by imprisonment for a maximum of twenty (20) years or more or by life imprisonment, a county or circuit court judge may deny bail for such offenses *when the proof is evident or the presumption great upon making a determination that the release of the person or persons arrested for such offense would constitute a special danger to any other person* or to the community or that no condition or combination of conditions will reasonably assure the appearance of the person as required.
>
> (4) In any case where bail is denied before conviction, the judge shall place in the record his reasons for denying bail. Any person who is charged with an offense punishable by imprisonment for a maximum of twenty (20) years or more or by life imprisonment and who is denied bail prior to conviction shall be entitled to an emergency hearing before a justice of the Mississippi Supreme Court....

Mississippi Constitution, Art. 3, § 29 (emphasis added).

Smith's petition for bail in the state Supreme Court and his petition for habeas relief in the state court were both based upon allegations that Smith's capital murder charge is insufficient under Mississippi law, an issue which is not cognizable for federal habeas review, but must be resolved in the state criminal proceedings. His only argument regarding denial of bail on the conspiracy to commit murder was that the phrase "a maximum of twenty (20) years or more..." in Mississippi Constitution Article 3, § 29(3) is distinguishable from the statutory penalty of "not more than twenty (20) years" for the crime of conspiracy to commit capital murder or murder. That is an issue of state law which is not properly before this Court. A state's interpretation of its own laws provides no basis for federal habeas relief since no constitutional question is involved. *Bronstein v. Wainwright*, 646 F.2d 1048, 1050 (5th Cir. 1981). Smith's claim that he has somehow been denied an opportunity to be heard on the issue of bail is not supported by the record, which shows the trial court hearing on his petition for bail was continued, not concluded. As such it presents an unexhausted claim upon which federal habeas relief cannot be granted.

**RECOMMENDATION**

For the reasons stated above, the undersigned recommends that the motion to dismiss be granted, and Smith's petition for federal habeas relief, dismissed.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi* (Dec.1, 2011), after service of a copy of this Report and Recommendation, each party has fourteen days to serve and file with the Clerk any written objections to it.  Within seven days of service of objections, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection.  An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy is barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 30th day of January, 2015.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE