IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


RALPH ARNOLD SMITH, JR.                          PETITIONER


VS.                          CIVIL ACTION NO. 3:14-v-334-WHB-RHW


JAMES G. CHASTAIN, ET AL.                          RESPONDENTS

<u>OPINION AND ORDER</u>

This cause is before the Court on the Report and Recommendation ("R and R") of United States Magistrate Judge Robert H. Walker. After considering the R and R[1] and the other pleadings in this case, the Court finds it should be adopted in its entirety.


I. Discussion

On April 28, 2012, Keaira Byrd ("Byrd") and Derrick Lacy ("Lacy") went to the law office of Lee Abraham ("Abraham") intending to kill him. Agents from the Mississippi Attorney General's Office were in Abraham's office when Byrd and Lacy arrived.[2] The agents shot both Byrd and Lacy, and Byrd died as a result of his injuries. Based on information given to them by Lacy, the agents obtained a search warrant for Ralph Arnold Smith,

---

[1] The parties were required to file objections to the R and R on or before February 13, 2015. No objections were filed.

[2] The agents were present because the Mississippi Attorney General's Office was investigating a murder-for-hire plot against Abraham.

Jr.'s, ("Smith") office and home.  While searching Smith's office, agents found a video recording of a meeting between Smith and Byrd during which Smith offered to pay Byrd $20,000.00 to kill Abraham. Smith was arrested on April 29, 2012, and charged with capital murder for Byrd's death.  Smith was also charged with conspiring with Lacy and Byrd to murder Abraham, and with conspiring with Cordarious Robinson ("Robinson") to obtain a firearm and persons to murder Abraham.  At his initial appearance, Smith was granted bail as to the conspiracy charge involving Robinson, but was denied bail as to the other charges.  At his preliminary hearing, Smith was bound over to await action by the grand jury, and no changes in his bail were made.  In June of 2012, Smith filed a petition for bail with the Mississippi Supreme Court, which was denied.

On August 29, 2012, the Leflore County Grand Jury returned two indictments against Smith.  The first indictment charged Smith with one Count of capitol murder for Byrd's death, and one Count of conspiracy (with Lacy and Byrd) to murder Abraham.  The second indictment charged Smith with one Count of conspiracy (with Robinson) to obtain a firearm and person to murder Abraham.

In September of 2012, Smith filed a habeas corpus petition in state court claiming (1) the indictments were returned after the period for which he had been bound-over expired, and (2) he could not be held without bail on the capital murder charge because the allegations did not state a valid charge of capital murder.  The trial judge denied Smith's state habeas petition, and his

subsequent motion for rehearing on that petition.[3]

In December of 2012, forensic psychologist Dr. Gilbert Macvaugh ("Macvaugh"), submitted a report to the court indicating that Smith was suffering from major mental disease and was incompetent to stand trial.  In January 2013, Smith was ordered to be evaluated at the Mississippi State Hospital at Whitfield ("Whitfield"), which is a psychiatric facility operated by the Mississippi Department of Mental Health.  In February of 2013, Smith noticed his intent to offer an insanity defense to the charges in both indictments.

In April of 2013, Smith filed an amended motion for bail in the trial court in which he, *inter alia*, challenged the legality of the information underpinning the search warrants, and the involvement of the state Attorney General in his criminal proceedings.  Smith also claimed he could not be charged with capitol murder because he had not killed Byrd, and he did not pose a special danger such that would warrant the denial of bail.  The May 9, 2013, hearing on the amended motion for bail was continued pending the report from Whitfield, which was ordered to include an assessment of whether Smith would be a special danger if released

_____

[3]   Smith appealed, and the Mississippi Supreme Court affirmed the denial of Smith's state habeas petition.  See <u>Smith v. Banks</u>, 134 So.3d 715 (Miss. 2014).  In affirming, the Mississippi Supreme Court held that Smith was not entitled to habeas relief because (1) he had not shown that he was being unlawfully held without bail on the Smith/Lacy/Byrd conspiracy charge, and (2) his other proffered evidence did not entitle him to habeas relief.

3

on bail.[4]

Smith was admitted to Whitfield on June 4, 2013.  In December of 2013, a competency hearing was held that concluded with the trial court finding Smith not competent to stand trial. Thereafter, Smith was committed to Whitfield, and the hospital was ordered to provide quarterly reports as to (1) the probability that Smith could become mentally competent to stand trial, and (2) the progress being made to restore his competency.  There is nothing in the record to show that Smith has been restored to competency and/or is no longer in need of treatment.

On April 18, 2014, Smith filed a petition in this Court seeking federal habeas relief by a person in state custody claiming *inter alia*, that he had been denied his constitutional right to bail and his due process right to be heard in the state courts.  An Amended Petition was filed on May 2, 2014.  As relief, Smith requests that this Court order the State to release him on bail on such terms as it deems appropriate.  In response, Respondents moved for the dismissal of Smith's federal habeas petition.

The matter came before United States Magistrate Judge Robert H. Walker who entered a R and R recommending the dismissal of Smith's federal habeas petition.  See R and R [Docket No. 24].  In his R & R, Judge Walker held that Smith was not entitled to federal

---

[4]  On May 10, 2013, Smith filed a petition for emergency hearing on his amended motion for bail in the Mississippi Supreme Court.  Smith's petition, and his subsequent motion for rehearing, were both denied by that court.

habeas relief based on his allegations that the facts of his case and/or Mississippi law did not support the charge of capital murder against him.  Judge Walker's holding was based on well established precedent that "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."  Id. at 7-8 (quoting Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 489 (1973)).  Judge Walker also held that Smith was not entitled to federal habeas relief on his denial of bail allegations.  First, Judge Walker found that the decision by the state courts to deny bail was based on their interpretations of Mississippi statutory law, and such interpretations to not provide a basis for federal habeas relief.  See R and R, at 9 (citing Bronstein v. Wainwright, 646 F.2d 1048, 1050 (5th Cir. 1981)).  Second, Judge Walker found that the record did not support Smith's allegations that he had been denied the opportunity to be heard on the issue of bail, and that his denial of bail claim was not yet exhausted because no ruling had been made by the trial court on his amended motion for bail.  Id. at 9-10.  Based on these holdings, Judge Walker recommended that Respondents' Motion to Dismiss be granted, and that Smith's Petition for federal habeas relief be denied.

After reviewing the R and R, to which no objections have been filed, as well as Smith's Petition as amended and other pleadings in this case, the Court agrees that the Petition should be

dismissed for the reasons stated by Judge Walker.  Accordingly, the Court will adopt Judge Walker's R and R recommending the dismissal of this case.

For the foregoing reasons:

IT IS THEREFORE ORDERED that the January 30, 2015, Report and Recommendation of United States Magistrate Judge Robert H. Walker [Docket No. 24], is hereby adopted as the ruling of this Court.

IT IS FURTHER ORDERED that the Motion of Respondents to Dismiss [Docket No. 14] is hereby granted.  A Final Judgment dismissing this case shall be entered this day.

IT IS FURTHER ORDERED that a Certificate of Appealability should not issue.  Petitioner has failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED this the 17th day of March, 2015.


                              s/ William H. Barbour, Jr.
                              UNITED STATES DISTRICT JUDGE

6